**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION**

| | | |
|---|---|---|
| **KAYLANI SELENA BRONSON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CASE NO. 5:25-cv-04016-TC-TJJ** |
| | **)** | |
| **SUNFLOWER CARE HOMES, LLC,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF SUNFLOWER CARE HOMES, LLC**</u>

For its Answer and Affirmative Defenses to the Complaint of Plaintiff Kaylani Bronson, Defendant Sunflower Care Homes, LLC ("Sunflower") states as follows:

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1. Sunflower lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies those allegations.

2. Sunflower admits the allegations in paragraph 2.

3. Sunflower admits the allegations in paragraph 3.

4. The allegations in paragraph 4 state a legal conclusion as to subject matter jurisdiction, to which no response from Sunflower is required. At this time, Sunflower does not contest this Court's subject matter jurisdiction.

5. The allegations in paragraph 5 state a legal conclusion as to subject matter jurisdiction, to which no response from Sunflower is required. At this time, Sunflower does not contest this Court's subject matter jurisdiction.

6. The allegations in paragraph 6 state legal conclusions as to venue and personal jurisdiction, to which no response from Sunflower is required. Sunflower does not contest personal jurisdiction or venue in this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7.      Upon information and belief, Sunflower admits the allegations in paragraph 7.

8.      In response to paragraph 8, Sunflower admits it owns and operates multiple senior care facilities offering long-term care, respite care, daily care, and general assisted living services. The remaining allegations in paragraph 8 are legal conclusions to which no response from Sunflower is required. Upon information and belief, Sunflower admits that it meets the definition of "Assisted living facility" under K.S.A. § 39-923.

9.      In response to paragraph 9, Sunflower admits it hired Plaintiff in January 2024 as a "Caregiver" to fulfill the duties of a CMA/CNA, with potential for various pay differentials and overtime pay. Sunflower denies that Plaintiff's base pay rate was $20.50 per hour upon hire.

10.      Sunflower admits the allegations in paragraph 10.

11.      Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations in paragraph 11, and therefore denies those allegations. Sunflower denies that the actions taken by the nurse to which Plaintiff refers were improper.

12.      Sunflower admits the allegations in paragraph 12.

13.      The allegations in paragraph 13 state a legal conclusion to which no response from Sunflower is required. On its face, K.A.R. § 26-41-205(d) does not apply to "each resident."

14.      In response to paragraph 14, Sunflower denies that the administration of medication described in paragraph 11 was improper.

15.      In response to paragraph 15, Sunflower admits Dr. Symmonds Arndt made those comments or comments substantively similar thereto, in a context complimentary to Plaintiff and her attempted vigilance. Upon information and belief, Dr. Symmonds Arndt made those comments to Plaintiff herself rather than Plaintiff's aunt.

16.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations in paragraph 16, and therefore denies those allegations. Sunflower denies that the actions taken by the nurse to which Plaintiff refers were improper.

17.     In response to paragraph 17, Sunflower denies that the actions taken by the nurse to which Plaintiff refers were improper or that the nurse took unilateral action to change the dosage. Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's communications with the pharmacy, and therefore denies those allegations.

18.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations in paragraph 18, and therefore denies those allegations. Sunflower denies that staffing issues would regularly result in delays in medication administration to residents.

19.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations in paragraph 19, and therefore denies those allegations. Sunflower denies Plaintiff properly reported such an incident. Plaintiff documented a finger poking incident in a resident's chart on April 25, 2024.

20.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations and/or hearing of "rumors" in paragraph 20, and therefore denies those allegations. Sunflower denies providing unlawful payments to nurses.

21.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations in paragraph 21, and therefore denies those allegations. Sunflower denies retroactively changing its pay period calculations to deny Plaintiff overtime pay.

22.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's perceived observations in paragraph 22, and therefore denies those allegations. Sunflower has properly paid Plaintiff for all hours she worked.

23.     In response to paragraph 23, Sunflower admits Plaintiff communicated with Nurse Owen on April 23, 2024. However, Sunflower denies Plaintiff's characterization of those communications as "not meaningful." Nurse Owen explained that she had audited Plaintiff's previous paychecks and found that Sunflower owed Plaintiff a total of twenty-nine dollars and forty-four cents ($29.44), which would be paid on Plaintiff's next paycheck.

24.     In response to paragraph 24, Sunflower denies that "Plaintiff had not received any response from [Sunflower] regarding the wages owed." Sunflower admits Plaintiff filed a complaint with the Kansas Department of Labor. Sunflower lacks knowledge and information sufficient to form a belief as to what Plaintiff told the KDOL—other than what is stated in Plaintiff's KDOL complaint, which does not state "Plaintiff had witnessed [Sunflower] paying nurses unreported cash payments for their services." Plaintiff's KDOL complaint alleges that Sunflower was not paying her properly for overtime hours, and that "[t]his is happening to a lot of us that work here [and] to make it 'right' they ask some people if they can pay in cash under the table."

25.     Sunflower denies the allegations in paragraph 25. Sunflower received notice of Plaintiff's KDOL complaint on May 9, 2024.

26.     In response to paragraph 26, Sunflower admits calling Plaintiff and asking that she come to the facility early so a meeting could occur before her next shift. Sunflower denies Plaintiff's characterization of that request as being urgent or that Plaintiff was asked to arrive "two hours" early.

4

27.     In response to paragraph 27, Sunflower admits suspending Plaintiff. Sunflower denies all remaining allegations in paragraph 27, including Plaintiff's characterization of how the suspension conversation occurred.

28.     Sunflower denies the allegations in paragraph 28.

29.     Sunflower admits the allegations in paragraph 29.

30.     Sunflower admits the allegations in paragraph 30.

31.     Sunflower admits the allegations in paragraph 31.

32.     Sunflower admits the allegations in paragraph 32.

33.     Sunflower admits the allegations in paragraph 33.

## COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

34.     In response to paragraph 34, Sunflower incorporates by reference its responses to paragraphs 1 through 33 as if fully set forth herein.

35.     The allegations in paragraph 35 state a legal conclusion to which no response from Sunflower is required. Upon information and belief, Sunflower admits it is a covered employer under the FLSA.

36.     The allegations in paragraph 36 state a legal conclusion to which no response from Sunflower is required. Upon information and belief, Sunflower admits Plaintiff was a covered employee under the FLSA.

37.     The allegations in paragraph 37 state a legal conclusion to which no response from Sunflower is required. Upon information and belief, Sunflower admits the allegations in paragraph 37.

38.     The allegations in paragraph 38 state a legal conclusion to which no response from Sunflower is required. Upon information and belief, Sunflower admits the allegations in paragraph 38.

39.     Sunflower denies the allegations in paragraph 39.

40.     Sunflower denies the allegations in paragraph 40.

41.     Sunflower denies the allegations in paragraph 41.

42.     Sunflower denies the allegations in paragraph 42.

43.     Sunflower denies the allegations in paragraph 43.

44.     Sunflower denies the allegations in paragraph 44. Further, Sunflower denies the allegations, if any, in the unnumbered "WHEREFORE" paragraph immediately following paragraph 44. Sunflower denies that Plaintiff is entitled to recovery against it under any theory alleged in her Complaint.

### COUNT II: VIOLATIONS OF THE KANSAS WAGE PAYMENT ACT

45.     In response to paragraph 45, Sunflower incorporates by reference its responses to paragraphs 1 through 44 as if fully set forth herein.

46.     The allegations in paragraph 46 state a legal conclusion to which no response from Sunflower is required. Upon information and belief, Sunflower admits it is an entity subject to the KWPA.

47.     The allegations in paragraph 47 state a legal conclusion to which no response from Sunflower is required. Upon information and belief, Sunflower admits Plaintiff was an employee subject to the KWPA.

48.     Sunflower denies the allegations in paragraph 48.

49.     Sunflower denies the allegations in paragraph 49.

50.     Sunflower denies the allegations in paragraph 50.

51.     Sunflower denies the allegations in paragraph 51.

52.     Sunflower denies the allegations in paragraph 52.

53.     Sunflower denies the allegations in paragraph 53.

54.     Sunflower denies the allegations in paragraph 54.

55.     Sunflower denies the allegations in paragraph 55.

56.     Sunflower denies the allegations in paragraph 56. Further, Sunflower denies the allegations, if any, in the unnumbered "WHEREFORE" paragraph immediately following paragraph 56. Sunflower denies that Plaintiff is entitled to recovery against it under any theory alleged in her Complaint.

### COUNT III: VIOLATIONS OF K.S.A. § 65-4928

57.     In response to paragraph 57, Sunflower incorporates by reference its responses to paragraphs 1 through 56 as if fully set forth herein.

58.     The allegations in paragraph 58 state a legal conclusion to which no response from Sunflower is required. Sunflower denies the allegations in paragraph 58.

59.     The allegations in paragraph 59 state a legal conclusion to which no response from Sunflower is required. Sunflower denies the allegations in paragraph 59.

60.     The allegations in paragraph 60 state a legal conclusion to which no response from Sunflower is required. Sunflower denies the allegations in paragraph 60.

61.     The allegations in paragraph 61 state a legal conclusion to which no response from Sunflower is required. Sunflower denies the allegations in paragraph 61.

62.     The allegations in paragraph 62 state a legal conclusion to which no response from Sunflower is required. Sunflower denies the allegations in paragraph 62.

63.     The allegations in paragraph 63 state a legal conclusion to which no response from Sunflower is required. Sunflower denies the allegations in paragraph 63.

64.     Sunflower denies the allegations in paragraph 64. Further, Sunflower denies the allegations, if any, in the unnumbered "WHEREFORE" paragraph immediately following paragraph 64. Sunflower denies that Plaintiff is entitled to recovery against it under any theory alleged in her Complaint.

### COUNT IV: WHISTLEBLOWER RETALIATION

65.     In response to paragraph 65, Sunflower incorporates by reference its responses to paragraphs 1 through 64 as if fully set forth herein.

66.     Sunflower denies the conclusory allegations in paragraph 66.

67.     Sunflower denies the conclusory allegations in paragraph 67.

68.     Sunflower denies the conclusory allegations in paragraph 68.

69.     Sunflower lacks knowledge and information sufficient to form a belief as to the truth of what theory Plaintiff is pursuing with her retaliation claim in paragraph 69, and therefore denies those allegations.

70.     Sunflower denies the conclusory allegations in paragraph 70.

71.     In response to paragraph 71, Sunflower denies that Plaintiff is entitled to recovery against it under any theory alleged in her Complaint.

72.     Sunflower denies the allegations in paragraph 72. Further, Sunflower denies the allegations, if any, in the unnumbered "WHEREFORE" paragraph immediately following paragraph 72. Sunflower denies that Plaintiff is entitled to recovery against it under any theory alleged in her Complaint, and Sunflower further denies Plaintiff is entitled to any of the relief she seeks in her "Prayer for Relief" subsequent to paragraph 72.

## AFFIRMATIVE DEFENSES

Sunflower asserts the following affirmative defenses in further answer to Plaintiff's Complaint against it:

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred to the extent she has failed to exhaust administrative remedies.

3.    Sunflower did not terminate Plaintiff for any improper purpose, as her termination was part of a larger layoff of all part-time Sunflower employees in that facility due to the facility's closure in June 2024.

4.    Sunflower did not suspend Plaintiff for any improper purpose, as her suspension was the result of several instances of her violating company policies or procedures, violating safety rules, and failing to follow the instructions of supervisory staff—to the detriment and potential detriment of Sunflower's residents.

5.    Any employment actions taken toward Plaintiff were taken for legitimate, non-retaliatory business reasons, in good faith and without malice, and any such actions would have been taken regardless of any improper motive.

6.    Sunflower has endeavored in good faith to comply with all applicable federal and state laws and statutes, including the FLSA and KWPA.

7.    After an opportunity for additional investigation and discovery, Sunflower reasonably believes that there will be evidence that, to the extent Plaintiff may have suffered alleged damages, such damages were caused, in whole or in part, by Plaintiff's failure to mitigate such damages, including her failure to seek or accept reasonable alternative employment opportunities as soon as reasonably possible.

9

8.      To the extent Plaintiff has suffered compensatory or emotional duress damages, there are intervening and other causes for such damages other than any actions taken by Sunflower.

9.      Sunflower denies the nature and extent of Plaintiff's claimed damages.

10.     Sunflower reserves the right to raise additional affirmative defenses as the bases for such defenses become known through investigation and discovery.

WHEREFORE Defendant Sunflower Care Homes, LLC, having fully answered the allegations in Plaintiff's Complaint, requests the Court dismiss Plaintiff's claims against it, that Plaintiff take naught by her Complaint, that the Court grant Sunflower its costs incurred in this action and, that the Court grant Sunflower all other and further relief that the Court deems just, proper, and equitable.

## JURY TRIAL DEMANDED

Sunflower hereby demands a jury trial on all issues triable by jury.

Respectfully submitted,

*/s/  Brent N. Coverdale*
Brent N. Coverdale    KS #18798
Alex A. McKenna      KS #29145
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
T: (816) 268-9400/F: (816) 268-9409
Email: bcoverdale@sakg.com
        amckenna@sakg.com

*Attorneys for Defendant*
*Sunflower Care Homes, LLC*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April 2025, the foregoing was filed utilizing the court's CM/ECF System which sent notification to the following counsel of record:

Bruce Alan Brumley
Chloe Elizabeth Davis
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd, #201
Topeka, KS 66611
P: (785) 267-3367/F: (785) 233-3161
bruce@brucebrumleylaw.com
chloe@brucebrumleylaw.com

*/s/ Brent N. Coverdale*
Attorney

11